UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                    Case No. 16-CR-20677-14
                                    Honorable Thomas L. Ludington

KENDRELL STEPHENS,

               Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 2, 2017, Defendant Kendrell Stephens pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 330. He was sentenced to 95 months imprisonment. ECF No. 493. Defendant is currently housed at Federal Correctional Institution, Morgantown in West Virginia. On June 22, 2020, Defendant sent a letter that was construed as a motion for compassionate release. ECF Nos. 710. Defendant's motion was denied for failure to exhaust his administrative remedies. ECF No. 715. Defendant, through counsel, refiled his motion on July 27, 2020. ECF No. 717. The motion was denied on October 7, 2020. ECF No. 737. On October 16, 2020, Defendant sent a letter to this Court indicating that he feared contracting COVID-19. ECF No. 742. The letter is construed as a motion for reconsideration under Local Rule 7.1(h). For the reasons stated below, the motion will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result

in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3);  *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

## II.

### A.

Defendant first claims that COVID-19 has spread to his housing unit at FCI Morgantown. Specifically, he states that on October 12, 2020, two inmates from his unit were placed in quarantine after being exposed to COVID-19. ECF No. 742 at PageID.5882. He further states that on October 14, 2020, another inmate from his unit "started to show symptoms" and began "cough[ing] up blood." *Id.* That same day, Defendant learned that his unit was being placed in a 21-day quarantine. *Id.* He worries that because he shares so many facilities with his fellow inmates, "no matter how careful and sanitized [he is], [it will be] impossible [for him] to stay safe if the other[] [inmates] will not follow suit." *Id.*

Defendant's report of an outbreak at FCI Morgantown is not substantiated by the data. Currently, FCI Morgantown is reporting only two active COVID-19 infections, both among staff. *COVID-19*, Bureau of Prisons, https://www.bop.gov/coronavirus/ [https://perma.cc/4GVQ-

ZAU7] (last visited Nov. 13, 2020). While several inmates and staff at FCI Morgantown have recovered from infections, the current situation does not seem dire. *Id.* Also, according to Defendant's motion, prison officials are treating the pandemic seriously by ordering a quarantine of Defendant's housing unit.

Of course, Defendant is correct that the custodial environment entails enhanced risks of exposure by virtue of it being indoor, densely populated, and sometimes unsanitary. Without minimizing Defendant's concerns, "the pandemic is a global phenomenon and some risk is inherent no matter where [Defendant] resides, either at home or in prison." *United States v. Ball*, No. 14-20117, 2020 WL 4816197, at *6 (E.D. Mich. Aug. 19, 2020). Furthermore, there is no indication that FCI Morgantown is disregarding CDC guidelines. Ultimately, Defendant is not entitled to compassionate release simply because he is at an elevated risk of exposure while incarcerated. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

**B.**

Defendant next claims that his pericarditis has resurfaced, causing him to fear for his life. ECF No. 742 at PageID.5882–83. He states that on October 3, 2020, he was rushed to the hospital because of chest pain and trouble breathing. *Id.* at PageID.5882. Doctors there diagnosed him with pericarditis, an inflammatory heart condition that he first experienced in 2011. *Id.* He further states that, upon returning to FCI Morgantown, a physician assistant advised him to seek compassionate release. *Id.* at PageID.5883. The same physician assistant told him that the medical staff would

"keep sending [him] to the hospital whenever [his pericarditis] bothers [him]." *Id.* Defendant has apparently been waiting to see a cardiologist for two months. *Id.*

Defendant's pericarditis was previously considered at length and found insufficient for purposes of compassionate release:

> "Pericarditis is a condition in which the sac-like covering around the heart (pericardium) becomes inflamed." *Pericarditis*, MedlinePlus, https://medlineplus.gov/ency/article/000182.htm [https://perma.cc/7SFA-EKUH] (medical encyclopedia entry) (last visited Oct. 1, 2020). Defendant's medical records confirm that he was hospitalized for pericarditis in 2012 but do not indicate that the condition is chronic . . . Defendant's reply brief states, "[C]ounsel has recently been provided with medical documentation reflecting that Defendant is at risk for additional cardiac events in the near future. The medical notes [] reflect . . . 'patient is at risk for a cardiac event within a few months.'" ECF No. 733 at PageID.5677–78. The "medical note" in question is from 2012, when Defendant was hospitalized for pericarditis. ECF No. 736-3 at PageID.5736. As part of his treatment, Defendant underwent lab testing. *See* ECF No. 736-3. Someone— presumably a physician—commented on the lab results, dated July 28, 2012, that Defendant's "Troponin I" levels "suggest a patient at risk for a cardiac event within a few months." *Id.* at PageID.5736. Defendant does not claim to have suffered any such "cardiac event" following his hospitalization in 2012 . . . .
>
> Ultimately, no matter the credence given to Defendant's assertions, neither asthma nor pericarditis constitute a "terminal illness" or "serious physical or medical condition," whether considered alone or in conjunction with the risk of contracting COVID-19. Defendant has, at most, alleged a generalized risk of developing serious COVID-19 symptoms, and a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *see also United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *4 (E.D. Mich. May 29, 2020) ("Without satisfactory evidence that Defendant's asthma is moderate to severe, and without additional risk factors, the Court cannot conclude that Defendant's conditions of confinement currently expose him to a risk of a dire outcome from COVID-19."). Accordingly, Defendant's present circumstance does not satisfy subsection (A).

ECF No. 737 at PageID.5825–28 (internal footnote omitted). Admittedly, it now appears that Defendant's pericarditis is chronic. Regardless, the CDC has not identified pericarditis as a risk factor for COVID-19. *See People With Certain Medical Conditions*, CDC (Nov. 2, 2020),

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions [https://perma.cc/24PW-LHCK]. Furthermore, FCI Morgantown appears to be managing Defendant's condition. After experiencing symptoms, Defendant was immediately hospitalized, prescribed medication, and currently awaits consultation with a cardiologist. The fact that a physician assistant recommended compassionate release is neither controlling nor persuasive in this case. Based on the foregoing, Defendant has not shown that the prior order denying compassionate release should be reconsidered.

**III.**

Accordingly, it is **ORDERED** that Defendant Kendrell Stephens' Motion for Reconsideration, ECF No. 742, is **DENIED**.

Dated: November 19, 2020                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

<div style="border:1px solid black; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Kendrell Stephens** #55523-039, MORGANTOWN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MORGANTOWN, WV 26507 by first class U.S. mail on November 19, 2020.

                                s/Kelly Winslow
                                KELLY WINSLOW, Case Manager

</div>