UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                                      Case No. 16-CR-20677-14
                                                                                        Honorable Thomas L. Ludington
KENDRELL STEPHENS,

          Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 2, 2017, Defendant Kendrell Stephens pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 330. He was sentenced to 95 months imprisonment. ECF No. 493. He is currently housed at Federal Correctional Institution, Morgantown ("FCI Morgantown") in West Virginia.

On June 22, 2020, Defendant sent a letter to this Court that was construed as a motion for compassionate release. ECF No. 710. The motion was denied without prejudice for failure to include proof of exhaustion. ECF No. 715. Defendant, through counsel, refiled the motion on July 27, 2020 and included evidence of exhaustion. ECF No. 717. The motion was reviewed on the merits and denied on October 7, 2020. ECF No. 737. On October 16, 2020, Defendant sent a letter to this Court indicating that he feared contracting COVID-19. ECF No. 742. The letter was construed as a motion for reconsideration. The Motion was denied because Defendant did not identify a palpable defect with the prior order as required by Local Rule 7.1(h). ECF No. 746.

Defendant recently sent two letters to this Court on December 7 and 9, 2020. ECF Nos. 753, 754. The letters are nearly identical in content and are jointly construed as a motion for reconsideration. For reasons stated below, Defendant's Motion for Reconsideration will be denied.

### I.

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

### II.

There have been two significant developments since Defendant's prior motion for reconsideration was denied. First, as Defendant notes, FCI Morgantown is now experiencing a COVID-19 outbreak, with 41 inmates and seven staff members reporting active infections. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/ [https://perma.cc/C5JS-9GB7] (last visited Jan. 20, 2021). Second, the Sixth Circuit decisions in *United States v. Jones*, 980 F.3d 1098 (6th

Cir. 2020), and *United States v. Elias*, No. 20-3654, 2021 WL 50169 (6th Cir. Jan. 6, 2021), have transformed how courts of this circuit decide compassionate release. In sum, district courts are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." *See Elias*, 2021 WL 50169, at *2. District courts now have the "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

The question is whether these developments alter the outcome of Defendant's Motion for Compassionate Release. They do not. Even with the wider discretion afforded by *Jones* and *Elias*, Defendant lacks an extraordinary and compelling reason for release. As explained at length in the prior orders of this Court, Defendant's pericarditis and mild asthma do not, according to the CDC, increase his risk of developing COVID-19 complications. *See* ECF No 737 at PageID.5826–28; ECF No. 746 at PageID.5910–12. The relevant CDC guidance remains the same today. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/WGK5-BJDW] (last visited Jan. 20, 2021). Defendant now claims to suffer from obesity and prediabetes but offers no evidence in support.[1] ECF No. 754 at PageID.5961. Because Defendant lacks an underlying risk factor for COVID-19, the outbreak at FCI Morgantown, while significant, does not constitute an extraordinary and compelling reason for release.[2] *C.f. Elias*, 2021 WL 50169, at *3–4 (holding

---

[1] Moreover, even if Defendant suffered from a CDC-recognized risk factor like obesity, he would not be eligible for compassionate release unless his early release was consistent with the factors set forth in 18 U.S.C. § 3553. *See Jones*, 980 F.3d at 1107–08 (providing three-step test for compassionate release). These factors were previously found to weigh against Defendant's early release. *See* ECF No. 737 at PageID.5823–24.

[2] Defendant complains that FCI Morgantown has denied him the ordinary incidents of custodial life, like family visits, and compares his current predicament to being "imprisoned in a third world country." *See*

that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak").

Based on the foregoing, Defendant does not have an extraordinary and compelling reason for release, even with the recent outbreak at FCI Morgantown and developments in the governing case law. Therefore, his Motion for Reconsideration will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant Kendrell Stephens' Motion for Reconsideration, ECF Nos. 753, 754, is **DENIED**.

Dated: January 25, 2021          s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and **Kendrell Stephens** #55523-039, MORGANTOWN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MORGANTOWN, WV 26507 by first class U.S. mail on January 25, 2021.

                            s/Kelly Winslow
                            KELLY WINSLOW, Case Manager

---

ECF No. 753 at PageID.5958. As unfortunate as these conditions may be, there is no reason to believe that they justify compassionate release.